**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GIULLIAN STEELE, § | | |
| RAUL ALEMAN, § | | |
| YURY X. BASTOS, § | | |
| JARROD DENYER, § | | |
| SUSAN MCMILLAN, and § | | |
| ROBERT KENLY MUSCH, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| PERRY'S RESTAURANT, L.L.C. § | | |
|     Defendant. § | JURY DEMANDED | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### A. Summary

1. Plaintiffs, Giullian Steele, Raul Aleman, Yury X. Bastos, Jarrod Denyer, Susan McMillan and Robert Kenly Musch, bring this collective action against Defendant, Perry's Restaurant, L.L.C. ("Perry's"), because Perry's fails to pay the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 201 *et seq.* In particular, Perry's violates the FLSA's minimum wage provision by failing to adhere to the "tip credit" requirements contained in Section 3(m) of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiffs are entitled to their unpaid minimum wages, liquidated damages, attorney's fees and costs.

### B. Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Texas – Houston Division because all, or a substantial part, of the acts and conduct charged herein occurred in this district, and because Perry's maintains its company headquarters in this district.

**C. The Parties**

4.     Giullian Steele is a resident of Montgomery County, Texas. She is a covered employee of Perry's within the meaning of the FLSA. Her consent to participate in this collective action is attached hereto as Exhibit 1.

5.     Raul Aleman is a resident of Harris County, Texas. He is a covered employee of Perry's within the meaning of the FLSA. His consent to participate in this collective action is attached hereto as Exhibit 2.

6.     Yury X. Bastos is a resident of Harris County, Texas. He is a covered employee of Perry's within the meaning of the FLSA. His consent to participate in this collective action is attached hereto as Exhibit 3.

7.     Jarrod Denyer is a resident of Montgomery County, Texas. He is a covered employee of Perry's within the meaning of the FLSA. His consent to participate in this collective action is attached hereto as Exhibit 4.

8.     Susan McMillan is a resident of Montgomery County, Texas. She is a covered employee of Perry's within the meaning of the FLSA. Her consent to participate in this collective action is attached hereto as Exhibit 5.

9.     Robert Kenly Musch is a resident of Montgomery County, Texas. He is a covered employee of Perry's within the meaning of the FLSA. His consent to participate in this collective action is attached hereto as Exhibit 6.

10.    The class of similarly situated employees consists of all persons for whom Perry's claimed a tip credit during the period August 25, 2006 to August 25, 2009. These similarly situated persons are referred to as the "Members of the Class" or "the Class."

11. Defendant Perry's Restaurant, L.L.C. is a Texas limited liability company doing business in the Southern District of Texas. Its principal place of business is 1051 Pineloch Drive, Suite 800, Houston, Texas 77062. It is an enterprise engaged in commerce which acted in the interest of an employer with respect to Plaintiffs and the Members of the Class. It may be served with process through its registered agent, Walter C. Wilson, at 3118 Richmond Ave., Suite 200, Houston, Texas 77098.

12. Defendant Perry's Restaurant, L.L.C. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its employees (including Plaintiffs and the Class) handle goods (such as food and beverages) that have been moved in or been produced in commerce. 29 U.S.C § 203(s)(1).

**D. The Facts**

13. Perry's owns and operates restaurants in Harris County and surrounding counties, in the Southern District of Texas. These restaurants are called "Perry's Steakhouse & Grille," "Perry & Sons Market & Grille" and "Perry's Italian Grille." Perry's employed Plaintiffs as waiters and servers at its restaurants. Perry's did not pay Plaintiffs the required minimum wage, but Plaintiffs regularly received tips as part of their total compensation.

14. The required minimum wage was $5.15 per hour from September 1, 1997 through July 23, 2007, $5.85 per hour from July 24, 2007 through July 23, 2008, $6.55 per hour from July 24, 2008 through July 23, 2009, and $7.25 per hour from July 24, 2009 onwards. Perry's was required to pay its nonexempt employees the minimum wage, except to the extent that all tips received by the employees are retained by the employees. 29 U.S.C. § 203(m). Further, the

pooling of tips is allowed, provided the pooling of tips is among employees who customarily and regularly receive tips. *Id.*

15.　As tipped employees, Defendant's employees could only be required to contribute to a "tip pool" from which other customarily tipped employees would draw. 29 U.S.C. § 203(m). Perry's required the Plaintiffs to contribute a portion of their tips to a "tip pool." However, some of the pooled funds did not go to employees who regularly and customarily receive tips. Therefore, Perry's violated the tip credit requirements of Section 3(m) of the FLSA. The failure of Perry's to pay its employees at least the minimum wage for all hours worked also violated the minimum wage provisions of the FLSA.

16.　Perry's' policy or practice of requiring its waiters and servers to pay a portion of their tips to ineligible persons and/or the house was and is in violation of the FLSA. Perry's knew or should have known that its policy or practice violated the FLSA. Perry's nonetheless willfully violated the minimum wage provisions of the FLSA.

### E. The Collective Action Allegations

17.　In addition to Plaintiffs, other waiters and servers were required by Perry's to participate in the invalid "tip pool."

18.　These waiters and servers performed job duties which were similar to those performed by Plaintiffs, such as serving food and drinks to the patrons of Perry's.

19.　Like Plaintiffs, these waiters and servers were paid less than the minimum wage by Perry's and were required to participate in an invalid "tip pool."

20.　Because its "tip pool" fails to meet the requirements of FLSA Section 3(m), Perry's is not entitled to a tip credit for any of the waiters and servers who participated in the "tip

pool." Therefore, like Plaintiffs, these waiters and servers were entitled to at least the minimum wage for each hour worked.

21. Because Defendant's "tip pool" policy results in these similarly situated workers receiving less than the minimum wage, notice of this collective action is appropriately sent to:

> "All current and former waiters and servers employed by Perry's Restaurant, L.L.C. for whom Perry's Restaurant, L.L.C. took a tip credit in the past three years."

**F. Causes of Action**

22. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 21.

23. Defendant's practice of requiring Plaintiffs and the Member of the Class to pay a portion of their tips to ineligible persons and/or the house was and is in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiffs and the Members of the Class are entitled to the minimum wage for each hour worked and to the amounts they were required to tip-out to the illegal "tip pool."

**G. Damages**

24. As a direct and proximate result of the Defendant's conduct, Plaintiffs suffered the following injuries and damages:

    a. Actual damages;

    b. Liquidated damages in an amount equivalent to actual damages;

    c. All reasonable and necessary attorneys' fees; and

    d. All reasonable and necessary costs incurred in pursuing this lawsuit.

**H. Attorney Fees & Costs**

25. Plaintiffs are entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b).

### I. Jury Demand

26.　　Plaintiffs hereby demand a trial by jury.

### J. Prayer

27.　　Plaintiffs respectfully request that judgment be entered against Defendant Perry's Restaurant, L.L.C., awarding them and all similarly situated employees:

    a.　　minimum wage for each hour worked;

    b.　　wages equal to the amount they were required to tip-out to ineligible persons and/or the house;

    c.　　an equal amount as liquidated damages as allowed under the FLSA;

    d.　　reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    e.　　such other and further relief as may be required by law.

                                  Respectfully submitted,

                                  */s/ Howard L. Steele, Jr.*
                                  Howard L. Steele, Jr.
                                  Texas Bar No. 24002999
                                  Federal Bar No. 21615
                                  1000 Louisiana, Suite 3780
                                  Houston, Texas 77002
                                  (713) 659-2600 [Telephone]
                                  (713) 659-2601 [Facsimile]
                                  hsteele@steelesturm.com

OF COUNSEL
**STEELE STURM, PLLC**
Charles Sturm
Texas Bar No. 24003020
Federal Bar No. 21777

1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]