IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GIULLIAN STEELE, YURY X. BASTOS, JARROD DENYER, SUSAN MCMILLAN, ROBERT KENLY MUSCH, RACHEL HERRON, GIOVANNI BOLIVAR VALAREZO, AMANDA LEIGH SANCHEZ, BRIDGETTE SMITH and BRANDON BRITT<br><br>vs.<br><br>LEASING ENTERPRISES, LTD. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:09-CV-02789<br>(COURT UNIT OF JUDGE HUGHES)<br>[JURY TRIAL DEMANDED] |

## MOTION OF DEFENDANT LEASING ENTERPRISES, LTD. TO DISMISS A PORTION OF THE THIRD AMENDED COLLECTIVE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED.R.CIV.P. 12(B)(6)

DEFENDANT LEASING ENTERPRISES, LTD. ("LEL") files this Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted pursuant to FED.R.CIV.P. 12(b)(6) as to a portion of the Third Amended Collective Action ("Complaint") filed by Plaintiffs[1] as follows:

### I. SUMMARY OF ARGUMENT

Plaintiffs have added to their Complaint a claim that LEL has allegedly violated 29 U.S.C. §203 in part based upon failing to "remit to employees their net tips received after converting to cash all tips left through credit or debit cards." This Court has previously held that such a claim is barred as a matter of law. *Bollenberg v. Landry's Restaurant*, 2005 WL 2121810 (S.D. Tex. Aug. 30, 2005) (Hughes, J.) (not reported in F.Supp.2d). The Court should therefore

---

[1] This Motion is intended to apply to any person added to this collective action as a Plaintiff. Defendant was not served with the latest Complaint until January 12, 2010 (two days ago). It therefore submits this Motion now, without waiving its right to file in due course an Answer or further responsive pleading to the Complaint.

dismiss this claim as a matter of law and impose upon Plaintiffs such relief as the Court considers appropriate.

## II. RULE 12(B)(6)

### A. FACTUAL ALLEGATIONS

Waiters who worked at Leasing Enterprises, Ltd.'s restaurant operated in The Woodlands, Texas, now assert in the latest Complaint alleged violations of the Fair Labor Standards Act because of the assumed manner in which Leasing Enterprises, Ltd. processed credit card and debit card transactions occurring when customers charged the cost of a meal with such a card and including the tipped amount on such a card.

They allege in conclusory fashion, without elaboration, the following:

* *"**Defendant is also failing to remit to its tipped employees their net tips received after converting to cash all tips left through credit card and debit cards.**"* Complaint ¶1.

* *"**Defendant also deducted from the amount of tips given to its employees by credit card or debit card a fee that exceeded the charge it paid to credit card and debit card companies or banks to convert those tips into cash**. Defendant therefore did not remit to its tipped employees their net tips after converting them to cash."* Complaint ¶22.

* "Defendant's policy or practice of charging its tipped employees a fee *that exceeded the charge that it paid to convert tips left by credit card or debit card into cash was and is in violation of the FLSA. Defendant knew or should have known that its policy or practice the FLSA. Defendant nonetheless willfully violated the minimum wage provisions of the FLSA.*" Complaint ¶23.

* (Collective Action Allegations) "Like Plaintiffs, Defendant charged these waiters and servers a fee for converting to cash tips *left by credit card or debit card that exceeded the charge paid by the Defendant to convert these tips to cash*. Because its tip pool fails to meet the requirements of FLSA Section 3(m) and it did not remit to its tipped employees *their net tips received after converting them to cash*, Defendant is not entitled to a tip credit for any of the waiters and servers who participated in the "tip pool" *and/or received tips by credit card or debit card*. Therefore, like Plaintiffs, these waiters and servers were and are entitled to at least the minimum wage for each hour

worked." Complaint ¶27 and 28.[2]

* "Defendant's practices of requiring Plaintiffs and the Members of the Class to pay a portion of their tips to ineligible persons and/or the house *and charging them a fee to convert to cash tips that they received by credit card and debit card that exceeded the fee it paid to credit card and debit card companies or banks for this conversion were and are in violation of the FLSA. 29 U.S.C. § 203(m)*. Accordingly, Plaintiffs and the Members of the Class are entitled to the minimum wage for each hour worked, to the amounts they were required to tip-out to the illegal "tip pool," and the excess conversion fee charge that Defendant levied upon them." Complaint ¶38.

Even if this allegation were true, which LEL contests, this alleged violation of §203(m) fails to state a claim upon which relief can be granted under FED.R.CIV.P. 12(b)(6).

## B. RULE 12(B)(6) JURISPRUDENCE

The recent decisions by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, \_\_\_\_ U.S. _____, 2009 WL 1361536 (May 18, 2009), establish the jurisprudential boundaries by which this Court assesses the allegations in a complaint under FED.R.CIV.P. 12(b)(6).[3] LEL contends that Ashcroft governs the allegations in the Complaint. *See Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009).

## C. ARGUMENT AND AUTHORITIES

This Court ruled in 2005 that claims precisely like this one were not violations of 29 U.S.C. §203(m). *See Bollenberg v. Landry's Restaurant*, 2005 WL 2121810 (S.D. Tex. Aug. 30, 2005) (Hughes, J.) (not reported in F.Supp.2d) *citing Myers v. Copper Cellar Corporation*, 192 F.3d 546 (6th Cir. 1999). This Court held that "[n]either the statute nor the regulations

---

[2] In Paragraph 29 of the Complaint, Plaintiffs allege that this asserted violation of the FLSA justifies a broad "Class-wide" notice. Complaint ¶29.

[3] Defendant has described these jurisprudential boundaries in some detail in an earlier motion to dismiss (Dkt. No. 11) filed in this case on behalf of a former Defendant, Perry's Restaurants L.L.C., which has now been dropped from this case by Plaintiffs. Leasing Enterprises, Ltd. adopts and incorporates such description for purposes of this Motion.

contemplate that employers absorb the cost of converting charged tips to cash. The law does not force employers to repay workers because they have withheld the costs of conversion." *Id.* at *5. This Court therefore ruled that such a practice by the restaurant employer in that case did not violate 29 U.S.C. §203(m). *Id.*

Leasing Enterprises, Ltd. therefore contends that the Court should dismiss all allegations in the Complaint that seek to establish an alleged violation of 29 U.S.C. §203(m) premised upon the manner in which Leasing Enterprises, Ltd. handles credit card or debit card transactions vis-à-vis tip payments to Plaintiffs following conversion of the credit/debit card transactions to cash. To the extent that the Court considers it appropriate, Leasing Enterprises, Ltd. requests that it be reimbursed for the attorney's fees and expenses it has had to incur to address this claim.[4]

Signed this 14th day of January, 2010.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

*Lionel M. Schooler*
LIONEL M. SCHOOLER (SBN 17803300)
Federal ID: 726
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
(713) 752-4200; (713) 308-4156 (Fax)
E-mail: lschooler@jw.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT LEASING ENTERPRISES,
LTD.

---

[4] This Court in *Bollenberg* also held that the claims asserted by the Plaintiffs there that were premised upon the handling of credit cards and debit cards was frivolous and merited an award of sanctions in favor of the employer. *Id.* at *4 ("The statute is reasonably clear, Labor's regulations are very clear, and the only judicial decision on the issue is opposite Bollenberg's position."). In this case, the Plaintiffs have pled a barred cause of action, lacking a good faith attempt to advocate a change of applicable law. Moreover, the Plaintiffs have repeatedly demanded that Leasing Enterprises, Ltd. (at considerable burden and expense) provide documentary details of specific credit card transactions for the Plaintiffs and others going back three years from the date of filing the Complaint.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above Motion to Dismiss of Leasing Enterprises, Ltd . pursuant to FED.R.CIV.P. 12(b)(6) was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, and that a courtesy copy of the Motion was sent by certified mail, return receipt requested, and by fax transmission to *Counsel for Plaintiff*, Howard L. Steele, Jr. (24002999), Steele Sturm, P.L.L.C., 1000 Louisiana St., Suite 3780, Houston, Texas 77002, on this ____14th____ day of January, 2010.

*/s/ Lionel M. Schooler*
Lionel M. Schooler