IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIULLIAN STEELE, *et al*. | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-02789 |
| | § | |
| LEASING ENTERPRISES, LTD. | § | |
| | § | |
|    Defendant. | § | JURY DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

Leasing Enterprises, Ltd. misses the point of Plaintiffs' swipe fee claim and this Court's opinion in *Bollenberg*. Plaintiffs do not dispute that Leasing is entitled to charge its waiters a fee equal to the amount that Leasing pays to convert to cash their tips left by credit or debit card. That's precisely what this Court allowed in *Bollenberg*. *Bollenberg v. Landry's Restaurant*, 2005 WL 2121810 (S.D. Tex. Aug. 30, 2005 (Hughes, J.) (unpublished). Other courts have allowed this too. *E.g.*, *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 554 (6th Cir. 1999).

But Leasing is not allowed to charge more than that, which this Court explained in *Bollenberg*: "In the case of a charged tip, the employee keeps **the net tip** after its conversion to cash….Landry's may deduct **an amount proportionate** to the fees for those tips." *Id*. at * 3, 5 (emphasis added). The Sixth Circuit also made this abundantly clear in Myers:

> [T]he employer must prove that its total deductions from employees' tip incomes **did not enrich it, but instead, at most, merely restored it** to the approximate financial posture it would have occupied if it had not undertaken to collect credit card tips for its employees during the relevant period.

*Myers*, 192 F.3d at 555 (emphasis added). This is exactly what Leasing is doing and what Plaintiffs alleged. Leasing is charging its tipped employees a fee that is higher than the fee it

pays. Leasing charges its employees 3.25% of the gross amount of their tips left by credit or debit card to convert those tips to cash. Leasing calls this fee a "Tip Refund." In 2009, the National Restaurant Association explained that the average "swipe fee" that restaurants pay is 2%. The fee that Leasing charges its tipped employees is thus more than 60% higher than the average. What Leasing is doing is akin to a restaurant converting into American currency a tip left for a waiter in Italian lira, paying a 2% exchange fee for that conversion, then charging the waiter 3.25% of the gross tip—before that conversion—and remitting the rest to the waiter.

In short, the problem is not that Leasing is charging a fee, it's that Leasing is charging an *excessive* fee. Leasing is not remitting to its tipped employees their net tips after converting them to cash. Leasing misses this point, and the meaning of the caselaw, completely. Leasing's practice is a violation of the FLSA.[1] Because it is, Leasing's motion to dismiss is without merit and should be denied.[2]

Respectfully submitted,

__/s/ *Howard L. Steele, Jr.*_____
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steelesturm.com

---

[1] For this reason, Leasing's request that it be reimbursed for the attorney's fees and expenses that it incurred in preparing its motion to dismiss is without merit. If anything, Plaintiffs should be reimbursed for Leasing's failure to read carefully Plaintiff's amended pleading, this Court's *Bollenberg* opinion, the Sixth Circuit's *Myers* opinion (which this Court cited in *Bollenberg*) or any of the many other cases that say the same thing.

[2] Leasing filed its motion to dismiss late in the afternoon on December 14, the day before the parties' December 15th pretrial conference. Plaintiffs, therefore, had very little time to prepare this response but nonetheless did so to ensure that at the conference the parties are able to discuss this issue if called upon to. As a consequence, Plaintiffs reserve the right to amend this response.

OF COUNSEL
**STEELE STURM, PLLC**
CHARLES STURM
Texas Bar No. 24003020
Federal Bar No. 21777
Aaron Storm
Texas Bar No. 24053492
Federal Bar No. 658578
Megan Moore
Texas Bar No. 24054372
Federal Bar No. 963966
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served on the following counsel of record by facsimile and/or the Court's electronic filing system:

Lionel M. Schooler
JACKSON WALKER L.L.P.
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4156 [Facsimile]

  */s/ Howard L. Steele, Jr.*
  HOWARD L. STEELE, JR.