**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GIULLIAN STEELE, *et al*. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-02789 |
| | § | |
| LEASING ENTERPRISES, LTD. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFFS' RENEWED REQUEST FOR ENTRY OF AN
ORDER CONDITIONALLY CERTIFYING THE CLASS**

Plaintiffs' motion for conditional certification of the class is pending. (*See* Emergency Motion for Notice to Potential Class Members, Doc. 7; Pls.' Motion to Depose Defendant, Compel Production of Documents and for Conditional Certification, Doc. 36). Around the time the plaintiffs' filed their motion for conditional certification, the Court indicated its preference to consider whether Perry's did anything wrong before burdening it with discovery about its other restaurants. The Court also indicated that it would not be sympathetic to Perry's if the plaintiffs convince it that Perry's has done wrong. As the Court's summary judgment order demonstrates, the Court is convinced. So conditional certification is appropriate now. Any further delay poses a direct and possibly irreversible threat to the rights of all prospective plaintiffs.

**A. Conditional Certification**

This Court has preliminarily approved the content of a class notice. (*See* Ex A.)[1] Notice typically results in conditional certification of a representative class that provides potential class members with notice and the opportunity to join the class. *See Mooney v. Amarco Servs. Co.*, 54

---

[1] Exhibit A and H are not sealed and are attached. Exhibits B through G are marked confidential and/or attorney's eyes only and are therefore filed under seal separately. *See* Appendix of Sealed Exhibits to Plaintiffs' Renewed Request for Entry of an Order Conditionally Certifying the Class.

F.3d 1207, 1214 n.8 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).[2] The Court has not, however, issued an order approving the notice or conditionally certifying the class. Plaintiffs respectfully request that the Court do so now.

Perry's admissions and documents all reinforce that these commonly owned and operated restaurants implement the same policies. Perry's has never denied this. Perry's concedes it has one central office and uses the same computer system at all of its locations. (*See also* Pls.' Motion for Conditional Class Certification, at 5-13.) Plaintiff Robert Musch was an employee at a different Perry's location. (*See* Ex. B, Payroll Information Sheet) The employee handbook provided to all employees is the same or nearly identical. (*Compare, e.g.,* Ex. C, Musch's Employee Handbook, *with* Ex. C, Employee Handbooks for Steele, Bastos, Denyer, Herron, McMillan, Sanchez, Valarezo, Britt, Smith.) The employee handbooks address the hours of operation and the uniforms requirements for ***all*** of the Perry's restaurants, including Perry's Italian Kitchen, Perry & Son's Market & Grille, and Perry's Steakhouse & Grille. (*See* Ex. C at PERRYS-0259; Ex. D at PERRYS-0381, PERRYS-0071, PERRYS-0116-17, PERRYS-0159-60, PERRYS-0206, PERRYS-0310-11, PERRYS-0452, PERRYS-0832-33, PERRYS-0911.) Defendant's "Credit Card Tip Procedures" prove the point. (*See* Ex. E, Credit Card Tip Procedures Form Executed by Musch, and Ex. F, Credit Card Tip Procedures Form Executed by Steele, Bastos, Denyer, Herron, McMillan, Sanchez, Valarezo, Britt, Smith.) The forms are identical for all stores (*compare* Ex. E *with* Ex. F) and also generated on behalf of "***Perry's Restaurant Group***," not Perry's Steakhouse & Grille at the Woodlands. (*See id.*) (emphasis added).

---

[2] For the notice stage, the plaintiffs must demonstrate that the putative class members "were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. This stage requires a showing of "some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Maynor v. Dow Chemical Co.*, No. G-07-0504, 2008 U.S. Dist. Lexis 42488 (S.D. Tex. May 28, 2008). This is "a fairly lenient standard[.]" *Mooney*, 54 F.3d at 1214.

The plaintiffs have satisfied the "fairly lenient standard" that tipped employees are similarly situated to the representative plaintiffs. *Mooney*, 54 F.3d at 1214. The plaintiffs have also proved liability. Even after Perry's deducts for charge-backs and refunds, it has still violated the FLSA.

### B. Amended Notice to the Class

Material facts have changed. A new notice should issue. The changes are as follows (italicized and bolded):

\*\*\*

#### Am I covered?

You may claim minimum wages if you were a tipped worker at a Perry's restaurant after ***August 28, 2006***.[3]

#### What's the problem?

Ex-workers at Perry's restaurants say that it did not pay them minimum wages because it paid others from the tip pool ***and that Perry's overcharged its employees to process credit card tips***. Perry's says that it paid correctly.

***The Court has found that Perry's overcharged its employees to process credit card tips.***

#### What can I get?

***Qualified employees are entitled to get*** additional pay for under-paid minimum wages.

***If you are not a qualified employee***, you will get nothing.

You will owe ***no*** lawyers, win or lose.

---

[3] The statute of limitations is three years. (*See* Pls.' Motion for Conditional Certification, at 12-13.)

\*\*\*

(*See* Ex. A.)  This amended notice should be sent, by regular mail and email, to all current and former employees who paid into the tip pool or who Perry's charged a tip refund fee, including servers, captains, and bartenders.[4]  Leasing should also produce documents showing the names, last known mailing address, email address, and telephone number, dates of service, and location of service, and nature of service for all employees who paid into the tip pool or paid out a tip refund fee at any of Leasing's restaurants three years back from the date of the filing of this lawsuit. *See Eggelston v. Sawyer Sportsbar, Inc.*, Civil Action 4:09-3529, 2010 U.S. Dist. LEXIS 65022, at \*2-3, 11 (S.D. Tex. June 28, 2010) (J. Miller) (conditionally certifying a FLSA class of bartenders and ordering the production of the same information for the same period of time) (attached as Exhibit H).

### C.  Relief Requested

Every day the potential class members go without notice, they may lose money. Plaintiffs request the Court enter the order attached.

Respectfully submitted,

\_\_/s/ *Howard L. Steele, Jr.*_____
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steelesturm.com

ATTORNEY-IN-CHARGE FOR THE PLAINTIFFS

---

[4] Like servers and captains, bartenders were charged the 3.25% tip refund fee. (*See, e.g.,* Ex. G, at PERRYS-2665-66) (reflecting a $7.85 tip refund for $241.40 in credit card tips, or 3.25%, for Sam Caskey as a bartender).

OF COUNSEL
**STEELE STURM, PLLC**
CHARLES STURM
Texas Bar No. 24003020
Federal Bar No. 21777
Aaron Storm
Texas Bar No. 24053492
Federal Bar No. 658578
Megan Moore
Texas Bar No. 24054372
Federal Bar No. 963966
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## CERTIFICATE OF SERVICE

    I certify that on October 6, 2010 a copy of the foregoing instrument was served on the following counsel of record by the Court's electronic filing system.

    Lionel M. Schooler
    JACKSON WALKER L.L.P.
    1401 McKinney Ave., Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 308-4156 [Facsimile]

                                            */s/ Howard L. Steele, Jr.*
                                             HOWARD L. STEELE, JR.