IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIULLIAN STEELE et al. | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:09-CV-02789<br>(COURT UNIT OF JUDGE HUGHES)<br>[JURY TRIAL DEMANDED] |
| LEASING ENTERPRISES, LTD. | § § | |

## DEFENDANT LEL'S OPPOSITION MOTION TO PLAINTIFFS' MOTION TO COMPEL

This Motion should be denied.

First, this Court has **not** previously ordered LEL to produce information. Indeed, Plaintiffs' Motion to Compel Production of "Damages" Documents was denied by the Court. See ***Dkt. Nos***. 142; 143. The Motion is therefore incorrect on that score.

Second, Plaintiffs are apparently requesting information that they each received while working for LEL (each having been presented their own pay information on a bi-weekly basis). The information is therefore more readily available to them (as demonstrated below).

Third, LEL must contest Plaintiffs' glib suggestion that all that would be needed would be for someone at LEL to "hit the print button" to retrieve all of this information. Plaintiffs' counsel misrepresents the status of LEL's payroll records. The costly and time-consuming effort imposed upon LEL to retrieve the volume of records in question would be significant. As Plaintiffs are aware from previous discussions about the status of LEL's records, and because the information in question pertains to the hours worked each week (not just an overall amount of wages paid), the retrieval in question would involve at least the following steps **for each Claimant** of the approximately 215 Claimants:

   (1)   LEL would have to consult its database by restaurant location, because the Claimants have worked at different restaurants;

(2) LEL would then have to search, by restaurant, all the individuals who have been listed as Claimants in this case;[1]

(3) Such a search, by restaurant, and by Claimant, would then have to be refined to search for each individual Claimant on a payroll period-by-payroll period basis; and

(4) Finally, LEL would then have to obtain from a report of hours worked for each individual Claimant the differential in wages comparing the minimum wage to the wage paid.

**In support of its position, LEL would further point out to the Court the second page of Exhibit "A" to the Motion**, the e-mail of November 16 from undersigned counsel to Plaintiffs' counsel. As undersigned counsel recommended there to Plaintiffs' counsel, given that Plaintiffs have the burden of proof on damages, it appears that the most appropriate way to proceed to retrieve the information in question would initially be for Plaintiffs' counsel

- to contact their clients,
- find out which of them worked at Perry's after December 31, 2010, and for how long,
- generate a calculation of what they considered to be any further individual wage differential, and
- send that group of calculations to LEL to review.

Undersigned counsel proposed this so that LEL could save time and efforts until necessary to evaluate what Plaintiffs are claiming (to the extent anyone in the class has worked with LEL since 12/31/2010), and determine whether and the extent to which there are disagreements on these amounts.

DEFENDANT LEASING ENTERPRISES, LTD. therefore prays that the Court deny the Motion to Compel for the reasons set forth herein.

DATED this _____19th_____ day of November, 2012.

---

[1] This is because the possibility exists that an individual who was not working with LEL as of 12/31/2010 might nevertheless have returned to work thereafter.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

*/s/ Lionel M. Schooler*
LIONEL M. SCHOOLER (SBN 17803300)
Federal ID: 726
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4156 (Direct Fax)
E-mail: lschooler@jw.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT LEASING ENTERPRISES,
LTD.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above Defendant LEL's Opposition to Motion to Compel was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, and that a courtesy copy of the Report was sent by certified mail, return receipt requested, and by fax transmission to *Counsel for Plaintiff*, Howard L. Steele, Jr. (24002999), Steele Sturm, P.L.L.C., 700 Louisiana, 48th Floor, Houston, Texas 77002, on this ____19th____ day of November, 2012.

*/s/ Lionel M. Schooler*
Lionel M. Schooler