## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GIULLIAN STEELE, *et al*. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-02789 |
| | § | |
| LEASING ENTERPRISES, LTD. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

### PLAINTIFF'S SUPPLEMENT ABOUT ADDING
### NON-CONSENTING EMPLOYEES

The undersigned would like to thank the Court for a legitimate excuse to skip the green bean casserole and that second helping of Christmas ham.  During our Christmas Eve meeting, the Court noted that a declaratory judgment would benefit the non-consenting servers.  The Court's management order reflects that same sentiment. (Doc. #194, ¶4.)  At the time, that sounded like a really good idea (like that second helping of ham).  Unfortunately, after researching the issue, it will not work.

Under § 16(b) of Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 216(b), no person can become a party plaintiff and no person will be bound by or may benefit from any judgment unless he or she has "opted into" the class, that is, unless he or she has given his or her written, filed consent. *Ackal v. Centennial Beauregard Cellular LLC*, 700 F.3d 212, 2012 U.S. App. LEXIS 22254, at *10 (5th Cir. October 26, 2012) (Rule 23 distinguished from FLSA because "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.").  Although the Court could enter a declaratory judgment permanently enjoining LEL from illegal conduct in the future, it could not financially benefit the servers that did not opt in.

*See* 29 U.S.C. § 216(b); *see also Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 533-537 (8th Cir. 1975) (granting mandamus where district court included all employees in various subclasses).

The Court's summary judgment is supported by law and the DOL opinion letter issued in 2006:  the employer may deduct an aggregate of the credit card processing fees and may not deduct overhead.[1]  Unfortunately, all of LEL's current servers are suffering from the same practice.  LEL has opened new stores.  LEL has hired new employees since notice.  Some employees did not join back then because liability was uncertain, or because of fear of retaliation.  None of these servers will be entitled to the damages for the time period not covered by the original notice.  None of them will receive their federally protected rights unless the Court re-issues notice and they consent.[2]  LEL is reticent to mediate or resolve this case because of concerns of getting a full release from all class members.  Thus, LEL will make a significant profit from this continued violation (due to the large number of excluded employees) until all appeals are exhausted.

**The Alternatives**

The Court should create a subclass of tipped employees for the period that is not covered by the original Court notice (the date of the certification order).   The Court could simply reissue the previous certification order with new dates.  This would prevent multiple lawsuits (the only other alternative counsel has without waiving claims under the statute of limitations).   It would

---

[1]  *See, e.g.*, U.S. Dept. of Labor Wage and Hour Division Opinion Letter FLSA2006-1 (January 13, 2006), available online at  http://www.dol.gov/whd/opinion/FLSA/2006/2006_01_13_01_FLSA.htm#.UNy67iCjJ8E  (rejecting a restaurant's proposal to deduct from its employees' tips the very same types of charges that LEL claims it is allowed to deduct here).  As the Court noted, the days of paying cash for a hot meal are long gone.  Over ninety-five percent of LEL's customers use credit.  Credit card processing fees are not part of a bona-fide tip pool (the only deduction permitted in the statute).  The undersigned surmises that as the law catches up with technology, this fee will be recognized as the overhead expense it is.
[2]  If Texas had a state law overtime claim, the Court could grant a Rule 23 "opt out" ruling that would bind the non-consenting servers.

also create judicial economy.  A subclass would not delay the case or the payment for the first class.  The Court can merely sever the first subclass if LEL intends to appeal that judgment.

In addition, although LEL's counsel is concerned that it may not receive individual releases from every single class member after mediation, that concern should not outweigh the potential for settlement.  The Court is in a unique position to provide LEL comfort.  The undersigned has settled numerous cases by using the magistrate in a settlement conference.  Also, a mediated settlement can require that all class members sign a release within 30 or so days.

Respectfully submitted,

   /s/ *Howard L. Steele, Jr.*
Howard L. Steele, Jr.
Texas Bar No. 24002999
Federal Bar No. 21615
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steelesturm.com

ATTORNEY-IN-CHARGE FOR THE PLAINTIFFS

OF COUNSEL
STEELE STURM, PLLC
CHARLES STURM
Texas Bar No. 24003020
Federal Bar No. 21777
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 27, 2012 a copy of the foregoing instrument was served on the following counsel of record by the Court's electronic filing system.

Lionel M. Schooler
JACKSON WALKER L.L.P.
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4156 [Facsimile]

*Defendant's counsel*

    */s/ Howard L. Steele, Jr.*
HOWARD L. STEELE, JR.

4