IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIULLIAN STEELE, *et al*. | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-02789 |
| | § | |
| LEASING ENTERPRISES, LTD. | § | |
| | § | |
|    Defendant. | § | JURY DEMANDED |

## PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

      This case was filed in 2009. Plaintiffs' counsel marshalled the case with the assistance of exemplary attorneys (some of which clerked in this district). After the Court guided discovery, Plaintiffs were able to demonstrate that the Defendant was improperly profiting to the tune of over $100,000 per year off of its waiters' credit card tips. This Court granted certification in 2013 after summary judgment motions. Plaintiffs then tried the case to the bench (based on the Court's suggestion that Plaintiffs waive the jury) in April of 2013. (See docs. 343-358.) The Court initially granted equitable tolling to the statute of limitations because of the delay from 2009 to trial. Later, however, it determined that there was no legal authority to do so. The Court did, however, make the Defendant update the damage model once due to this passage of time. In August of 2014, the Court issued findings of fact and conclusions of law (doc. 359).

      After August of 2014, Defendant filed a number of motions and sought further discovery. On February 24, 2015, the Court issued amended findings of fact and conclusions of law and a final judgment. (See docs. 370-371.)

      This application details the amount of work spent by Plaintiffs' counsel reasonably

1

necessary to win this case. The time and work spent on this unusual case was very reasonable, necessary, and mandatory. 29 U.S.C. § 216(b)

### I. Argument

**A.     Attorneys' fees are mandatory.**

A successful Fair Labor Standards Act ("FLSA") claim carries with it the mandatory recovery of attorneys' fees and costs: "The **court** in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added); *see also Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). This recovery extends to time spent on non-FLSA issues if those issues interrelate and overlap with FLSA ones. *Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir. 1987) (citing *Williams v. Tri-County Growers*, 747 F.2d 121, 137-38 (3d Cir. 1984)). "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Intern., In*c., 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008).

Texas courts use the "lodestar" method to calculate attorney's fees. *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994). A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993). A reasonable billing rate is normally arrived at by reference to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). A fee applicant is required to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Stenson*, 465

U.S. at 895-96 n. 11.

After calculating the lodestar, the Court may enhance or decrease it based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id*. at 488 F.2d at 717-19.

Some of these factors are subsumed in the initial lodestar calculation and should not be double counted. *Shipes*, 987 F.2d at 320. Thus, the Fifth Circuit has held that, of the *Johnson* factors, the Court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990).

**B.     This case involved more time and labor than an ordinary FLSA case.**

The first step for the Court's analysis is to determine the compensable hours from time records. *Shipes*, 987 F.2d at 319. Generally, FLSA cases are fairly straightforward, unlike many other employment cases that involve questions of subjective intent to discriminate. In this particular case, however, the Defendant improperly deducted credit card tips in violation of the FLSA, 29 U.S.C. Section 201 *et seq*. Plaintiffs brought this lawsuit against the Defendant due to its unfair employment practices towards them during the course of their employment from the

3

period December 15, 2010 to January 17, 2013. There were hundreds of Plaintiffs, who were employed as waiters and affected by Defendant's acts.

Because of the large number of plaintiffs involved, more time was reasonably necessary to properly litigate this case. *See*, *e.g.*, *Howe v. Hoffman-Curtis*, 214 Fed. Appx. 341 (5th Cir. 2007) (Judge Ellison awards fee to Steele for one plaintiff for $129,805 that was affirmed by Fifth Circuit with appellate award of additional $30,000); *Prater v. Commerce Equities Mgmt. Co.,* H-07-2349, 2008 U.S. Dist. LEXIS 98795 (S.D. Tex. Dec. 8, 2008) (Judge Rosenthal awards $117,533.04 fee to Steele for three plaintiffs after mediation). This case was also more unusual in the way Defendant violated the FLSA's minimum wage provision. Defendants improperly deducted the restaurant overhead from the waiter's tips. Defendant argued that everything from software to labor spent on mangers was permitted to be deducted from tips. Thus, due to the voracious defense put on by Defendant, this case required more time and expense than a simple FLSA case. The additional time and expense was due directly and entirely to Defendant's actions. As the Fifth Circuit noted in *Howe*:

> Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples. *See Fegley v. Higgins*, 19 F.3d 1126,1134-35 (6th Cir. 1994) (Affirming award of $7,680 in overtime compensation and $40,000 in attorneys' fees.); *Cox v. Brook-shire Grocery Co*., 919 F.2d 354, 358 (5th Cir. 1990) (Affirming award or $1,181 in overtime compensation and $9,250 in attorneys' fees.); *Bonnette v. Cal. Health Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (Affirming award of $18,455 in damages and $100,000 in attorneys' fees.). The district court was in the best position with its superior understanding of the litigation to judge the appropriateness of the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1941,76 L.Ed.2d 40 (1983).

*Howe*, 215 Fed. Appx. at 342.

Here, the fee request is far less than the judgment. Indeed, although there are hundreds of plaintiffs here and *Howe* and *Prater* did not, this application only seeks a modest amount more.

Defendant failed to adhere to the "tip credit" requirements contained in Section 3(m) of the FLSA. 29 U.S.C. § 203(m). Second, Defendant failed to remit to its tipped employees their net tips received after converting to cash all tips left through credit card and debit cards. For the reasons set out below, the time and effort spent on this case by Plaintiffs' counsel was necessary in order to prevail on Plaintiffs' claims. The Defendant fought vigorously on these matters and opposed Plaintiffs on every issue presented in this case – yet still lost. Consequently, Plaintiffs' were required to put forth more effort into researching, briefing, and advocating against the issues being raised by the Defendant. The summary below details the amount of fees expended on various tasks in this case up until the recent judgment.

A summary of the total time spent is as follows:

| **Tasks** | **Hours** | **Fees** |
|---|---|---|
| Case management and Client Communications | 568.5 | $138,085.60 |
| Document Analysis/Discovery Research and Preparation | 270.4 | $81,857.50 |
| Preparation, Research, and Analysis on Other Motions | 682.0 | $212,707.75 |
| Matters related to trial preparation and litigation | 481.5 | $161,748.50 |
| Preparation and work on the retaliation claim | 93.6 | $29,264.00 |
| Application for Attorneys' Fees | 46.8 | $12,095.00 |
| **Totals:** | 2,129.80 | $635,758.35 |

| Costs | Units | Fees |
|---|---|---|
| Courts fees | 7 | $829.60 |
| Copy costs | 23,785 | $3,700.11 |
| Depositions | 4 | $1,981.41 |
| Other | <u>11</u> | <u>$1,868.03</u> |
| | **Totals:** 23,807 | $8,379.15 |
| | **Grand Total:** $644,137.50 | |

The effective hourly rate on this case was approximately $260.00 per hour for the work completed by the Plaintiffs' counsel. This rate is far less than Jackson Walker, who lost. The staff from Steele's firm was paid a much lesser rate than he of course, although their qualifications would have permitted a much higher rate. Attorneys were billed from $215-470 per hour and legal staff was billed at $100-$175 per hour.

**D.     The Time and Labor Required**

An important factor to consider in determining the amount of an award of attorneys' fees is the customary fee for similar services in the local legal community (factor 5 in *Johnson*). The billing rates for Mr. Steele and his staff are at or below the customary rates for attorneys of the same stature in the Houston legal market. Thus, the hourly fees charged in this case were customary and reasonable. *See also Texas State Bar, Hourly Rates in 2005*, published at

http://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=27264 at 14 (noting that the median hourly rate in Texas for Labor-employment lawyers in 2005 (ten years ago) was $275 per hour and for exemplary lawyers was $475 per hour; also noting that the hourly rate in Houston is the third highest of the twelve regions surveyed). (See Exhibit A).

**E. The Novelty and Difficulty of the Case**

As the Court noted repeatedly, this was a novel case that would set precedent. There were numerous arguments regarding the persuasiveness of the Department of Labor regulations. The main opinions that were relied on were from this Court and the Sixth Circuit. Counsel for both sides briefed and argued these issues repeatedly to the Court. Unlike a "cookie-cutter" FLSA case with one or two plaintiffs, this was a novel case that involved hundreds of plaintiffs and will have an impact on the law in the future.

**F. Significant skill was necessary against such talented opposing counsel**

As the Court noted, Mr. Schooler from Jackson Walker is an extremely talented lawyer that the Court trusts. Steele (a former federal clerk from this district) tasked exemplary lawyers to help him go against Jackson Walker. Many of Steele's associates were either former federal law clerks or briefing attorneys from the courts of appeals. The staff was instrumental in going through the tens of thousands of pages to find out how Defendant was improperly profiting off of waiter's tips. At trial, Defendant showed up with thousands of more documents that had never been produced. To win this case, Steele had to hire talent to perform the legal services properly and win.

**G. Steele was precluded from performing other employment by this case**

Steele's law firm is a litigation boutique firm.  Jackson Walker is a large law firm with a national presence and global reach. It has more than 350 attorneys and is one of the largest firms in the state of Texas. (s*ee* www.jw.com/about).  Unlike Jackson Walker, Steele has never had more than eight or nine attorneys.  Thus, this case that involved hundreds of plaintiffs repeatedly precluded Steele from taking on additional work.

**H.  The fee charged here is well below the firm's customary fee**

As a matter of course, Steele charges well below his regular rate in FLSA cases to make the fee application more simplistic.  In addition, Steele "marks down" more time under a billing judgment analysis in order to easily defend the fee application (as in *Howe* and *Prater*).   For most clients, Steele charges his attorneys at approximately a 25%-40% higher rate (depending on the subject matter). Indeed, the fees here are not very far off the fee rates approved by the Fifth Circuit in *Howe* in 2007, or the rates awarded by Judge Rosenthal in 2008.

**I.  The experience and reputation of Steele and his staff**

The issues in this case required attorneys in the Houston market that had an appropriate specialization and reputation (Exhibit B).  Mr. Steele is board certified in labor and employment law, has been selected by Texas Monthly Magazine as a "Texas Super Lawyer" since 2007.  He clerked for the Honorable Melinda Harmon in this district and also for the Honorable Sam Nuchia at the Houston First Court of Appeals.  He regularly speaks for continuing education programs to lawyers and human resources professionals, has been selected by Forbes and H Magazine as among the best employment lawyers in Houston, and was the attorney in charge in *Howe v. Hoffman-Curtis*, 215 F. App'x 341 (5th Cir. 2007), a significant FLSA attorney fee case before the Fifth Circuit; s*ee also Prater*, 2008 U.S. Dist. LEXIS 98795 (Judge Rosenthal notes

8

that Steele is an "experienced employment attorney" when granting fee application).

### E. The other *Johnson* factors.

The amount involved and results obtained further support the fee application. Notwithstanding the fact that the Court did not permit a three year limitation period or liquidated damages, every dollar otherwise owed was awarded. The final remaining factors neither add nor detract from this analysis.

## II. Conclusion

Plaintiffs' counsel and legal staff spent approximately 2,129.80 hours and charged at or below the prevailing rates per hour for the legal services rendered. Plaintiffs request that the Court award at least $642,359.40 as the fair and reasonable amount of attorneys' fees and costs.

Respectfully submitted,

*/s/ Howard L. Steele, Jr.*
Howard L. Steele, Jr.
State Bar No.:  24002999
One Allen Center, Penthouse
500 Dallas, Suite 3440
Houston, Texas 77002
Telephone:  (713) 659-2600
Facsimile:   (713) 659-2601

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

**STEELE LAW GROUP, PLLC**
Shreedhar R. Patel
State Bar No. 24074864
Tyrone Haynes
State Bar No. 24076430

One Allen Center, Penthouse
500 Dallas, Suite 3440
Houston, Texas 77002
Telephone: (713) 659-2600
Facsimile: (713) 659-2601

## CERTIFICATE OF SERVICE

  I certify that on March 16, 2015, a true and correct copy of the foregoing instrument was forwarded to the following counsel of record via electronic filing system and electronic mail.

  Lionel M. Schooler
  JACKSON WALKER L.L.P.
  1401 McKinney Ave., Suite 1900
  Houston, Texas 77010
  Telephone: (713) 752-4200
  Facsimile: (713) 308-4156

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

            */s/ Howard L. Steele, Jr.*
            Howard L. Steele, Jr.