IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIULLIAN STEELE, *et al*. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-02789 |
| | § | |
| LEASING ENTERPRISES, LTD. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFFS' SUPPLEMENT TO PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

In accordance with the Fifth Circuit's opinion[1] and judgment[2] remanding this case for the consideration of attorney's fees, and this Court's Order (Rec. Doc. 480), Plaintiffs file this Supplemental Brief to Plaintiffs' Application for Attorneys' Fees and Costs.

Plaintiffs re-urge their previously filed application for attorney's fees and costs (Rec. Doc. 374) including the corresponding exhibits, and provide this additional supplemental briefing for both additional and appellate fees incurred, and to address Perry's initial objections. After exercising billing judgment, Plaintiffs seek $621,474.55 in fees and costs for 2,036.20 hours of work for the Initial Application and $55,256.75 in supplemental fees for 343.15 hours of work. Further, Plaintiffs seek appellate fees and costs of $92,547.26 for 226.5 hours of work by Sturm Law PLLC and $3,430.00 for 16.75 hours of work by Steele Law Group PLLC. The total amount of fees and costs sought by Plaintiffs is $772,708.56.

*Initial Application for Attorney's Fees*

Plaintiffs submitted an application for attorneys' fees on March 16, 2015. (Rec. Doc.

---
[1] (Rec. Doc. 474 at 16-17).
[2] (Rec. Doc. 473).

374). Plaintiffs fully briefed and evidenced their entitlement to fees and costs through trial. Plaintiffs, re-urge, and incorporate that application herein by reference. (Exhibit A). As evidenced in the original Application, Plaintiffs' counsel and legal staff spent approximately 2,036.20[3] hours and charged at or below the prevailing market rates per hour for the legal services rendered. As the Court long ago requested, billing judgment has been applied, "as if this were an hourly client paying on a monthly basis." Consequently, Plaintiffs request that the Court award at least $621,474.55[4] as the fair and reasonable amount of attorneys' fees and costs for litigating this case for four years through trial, and for the final two years of the case through appeal.

*Supplemental Briefing of Initial Application*

1. Additional Briefing on Reasonable Rates.

The method under which to calculate attorney's fees is the "lodestar" method. *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

"The hourly rates to be used in the lodestar calculation are determined by 'the prevailing market rates in the relevant community.'" *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

---

[3] The Initial Fee Amount hours are reduced to evidence Plaintiffs' counsel's billing judgment in excluding the 93.6 hours requested for work on the retaliation claim.
[4] The Initial Fee Amount is reduced to evidence Plaintiffs' counsel's billing judgment in excluding the $29,264.00 dollars initially requested for work on the retaliation claim.

      2.      <u>The Hourly Rates Requested Herein are Consistent with Market Rates and Reasonable.</u>

Courts in this district have found rates in excess of $500.00 per hour to be reasonable for an experienced labor and employment attorney. *Rouse v. Target Corp.*, No. 3:15-CV-48, 2016 WL 319871, at *3 (S.D. Tex. Jan. 26, 2016) (*citing Jane Roe/Rachel V. Rose v. BCE Techn. Corp.*, No. 4:12-CV-1621, 2014 WL 1322979, at *3 (S.D. Tex. 2014) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case."); *In re Wells Fargo and Hour Empl't Practices Litigation (No. III)*, No. 4:11–md–2266, Rec. Doc. 232 at 25; Rec. Doc. 239. (court approved Wills' application for attorney's fees in FLSA matter at rate of $550 per hour); *Whitney Bank v. Hancock*, No. H-11-2164, 2013 WL 1404822, at *3–4 (S.D. Tex. Apr. 5, 2013) (hourly rates of $450 to $475 per hour found reasonable for a commercial litigator with 23 years experience)).

Indeed, in another FLSA case in the Southern District, higher rates were found reasonable. *Roussell v. Brinker Int'l., Inc.*, CIV.A.H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom. Roussell v. Brinker Int'l., Inc.*, 441 Fed. Appx. 222 (5th Cir. 2011) (holding hourly rates between $500-$250 for attorneys and $125-$105 for paralegals were both reasonable and consistent with hourly rates by comparable attorneys in the relevant community).

Through the pendency of the trial and appeal, Plaintiffs only charged $470.00 an hour for the time of Howard Steele, Jr. and $425.00 an hour for Charles Sturm. (Exhibit B, ¶19; Exhibit C, ¶9). All other attorneys were billed at lower rates ranging from $215 to $470. (Rec Doc. 374-2, at p.2, ¶4). Paralegals were billed at rates ranging from $75.00 to $125.00. All of these rates are

3

within the range of rates customarily charged in the Houston Market. *See Roussell*, 2010 WL 1881898 at *3; *see also Rouse*, 2016 WL 319871 at *3.

Exercising billing judgment, both of the lead attorneys for Plaintiffs froze their respective rates for six years. ($470.00 for Howard Steele, Jr., Exhibit B, ¶19; $425.00 for Charles Sturm, Exhibit C, ¶9). Both attorneys' rates have increased substantially for hourly clients. Exhibit B, ¶19; Exhibit C, ¶9. Plaintiffs' request that this Court find the rates charged by the attorneys in this case to be reasonable.

### *Supplemental Fees & Appellate Fees*

The fees incurred by Plaintiffs requested in this section have not previously been submitted:

1. <u>Supplemental Fees.</u>

During the pendency of the appeal, and through the present day, Steele Law Group has incurred fees related to client case management, and appellate work. From August 2014 to August 2016, which covers some work completed by Steele Law Group prior to the appeal, a total of 449.2 hours of work was performed. Exhibit B-1. In the exercise of billing judgment, Steele Law Group is only seeking compensation for 343.15 hours of the additional time. Exhibit B, ¶¶9-15. This work was primarily related to communicating with, and managing records for the 323 plaintiffs in this case. The firm provides a 30-day update for clients, and also fielded a large amount of questions by clients in this collective action. In total, Steele Law Group requests an additional amount of $55,256.75.

The supplemental fees for Steele Law Group are divided into the following categories:

4

| | | |
|---|---|---|
| CASE MANAGEMENT AND CLIENT COMMUNICATIONS | 307.15 | $47,514.25 |
| DOCUMENT/DISCOVERY ANALYSIS, PREPARATION OF DISCOVERY MOTIONS, RESEARCH REGARDING DISCOVERY | 5.8 | $1,450.00 |
| PREPARATION, RESEARCH AND ANALYSIS OF OTHER MOTIONS | 5.3 | $1,085.00 |
| PREPARING APPLICATION FOR ATTORNEY'S FEES APPLICATION AND SUPPLEMENT[5] | 23.4 | $4,870.00 |
| COURT PROCEEDINGS | 1.5 | $337.50 |
| TOTAL | 343.15 | $55,256.75 |

As noted above, the majority of these 343.15 hours from 2014 to 2016 were spent on case and client management. The billing records evidence the extensive amount of time that went into preparation of correspondences and personal communication. Further, with so many Plaintiffs, ensuring that contact information was constantly up to date required a large amount of work. Exhibit B-1.

Steele Law Group closed billing on this matter, as the then—current invoice was produced to LEL, on August 5, 2016. Steele Law Group time from August 26, 2016 to present was written off in an exercise of billing judgment. Exhibit B-1.

2.     Appellate Fees.

Steele Law Group's fees for appellate work during the appeal are:

| | | |
|---|---|---|
| APPELLATE WORK | 16.75 | $3,430.00 |

---

[5] In the previous application for attorneys' fees Plaintiffs requested 46.8 hours for the application equaling $12,095.00. On Exhibit B-1, there are 70.2 hours in application preparation time for $16,965.00. After reconciling the previously requested amount, only 23.4 hours are additional for $4,870.00, and not covered by the previous application.

5

Steele Law Group's involvement in the appeal was in support of Sturm Law on the briefing and for client management.

As reflected in the attached Declaration of Charles Sturm, considerable time was expended by Sturm Law PLLC on this matter post-judgment, primarily for work related to the appeal. Exhibit C. The total number of hours Sturm Law PLLC expended for these services was 226.5 and the total fees and expenses charged were $92,547.26. Sturm Law PLLC's contemporaneously prepared invoice details the work performed as it was done. Exhibit C-1.

Charles Sturm's rate for the appellate work was also $425. That is less than the regular rate he charges defense clients, and is less than the rate charged by other attorneys in Houston who regularly practice before the Fifth Circuit Court of Appeals. The fees were reasonably and necessarily incurred to effectively represent Plaintiffs post-judgment. Finally, Sturm has written off all time spent negotiating with Defendants to avoid filing this fee application, preparing his declaration and assisting in this supplemental fee application. Thus, billing judgment was once again exercised at the appellate stage.

### *LEL's Objections to Initial Fee Application*

Many of LEL's objections in its previously filed Motion to Strike (Rec. Doc 378) and Reply (Rec. Doc.388) have been mooted by the appeal (timeliness of the application/denial) or orders of this Court (compelling discovery). The remaining objections are without merit.

1. "?" Mark.

First, LEL objects on the basis of "?" marks on a bill that denotes and categorizes the entries. This "?" mark once again demonstrates segregation and billing judgment. The paralegal involved made this notation to ensure the entries were correctly categorized for the Court.

LEL's argument is also misleading as it only copies the left margin of the bill (the "?" marks) and omits the right margins, which contain the categories within which the entries fit. Exhibit D, Decl. C. Steele. The "?" does not indicate "questionable entries," but instead denotes segregation and billing judgment. (Rec. Doc. 378 at 7). Therefore, LEL's objection should be overruled.

2. <u>Effective Hourly Rate.</u>

Second, LEL contends that the "effective hourly rate" was miscalculated and is actually $351.62 per hour. In essence, even if LEL is correct on their calculation, the effective rate is reasonable. An effective rate of $351.62 per hour the rate is reasonable for attorneys in FLSA cases in the Houston and surrounding areas. Thus, LEL's objection is essentially meaningless. If the Court calculates the effective rate using the same method LEL used, rather than the calculation use by Plaintiffs, $351.62 per hour is still reasonable and does not warrant any reduction.

3. <u>Retaliation Claim Fees/Billing Judgment.</u>

LEL contends that $29,264.00 in fees incurred in pursuit of a retaliation claim should be excluded. Plaintiffs, in an exercise of billing judgment are waiving the $29,264.00 and 93.6 hours. Exhibit B, ¶17. Moreover, as an additional exercise of billing judgment Steele Law Group has written off an additional 42 hours of time, and has not billed for much of Howard Steele, Jr.'s time (the highest rate). Exhibit B, ¶18. In all, in exercising billing judgment, a total of 135.6 hours was written off. Exhibit B, ¶18. Additionally, Sturm Law exercised billing judgment by not seeking compensation for any fees incurred for work performed after June 6, 2016. Exhibit C, ¶13.

*Conclusion*

Plaintiffs seek $151,234.01 in fees and costs in this fee application in addition to the $621,474.55 in fees and costs they sought in their original application, for a total of $772,708.56. This amount is more than reasonable in light of the vast amount of work performed over many years, the large number of Plaintiffs (over 300), the extraordinary use of billing judgment, and the exceptional results obtained (a $1,485,040.62 judgment without interest) (Rec. Doc. 371-1).

    Respectfully submitted,

    STEELE LAW GROUP, PLLC

    */s/ Howard L. Steele, Jr.*
    Howard L. Steele, Jr.
    Federal Bar No. 21615
    One Allen Center
    500 Dallas, Suite 3440
    Houston, Texas 77002
    Telephone: (713) 659-2600
    Facsimile: (713) 659-2601

    **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

**STEELE LAW GROUP, PLLC**
Shreedhar R. Patel
Federal Bar No. 2346338
Tyrone L. Haynes
Federal Bar No. 2303786
Philip T. Segura
Federal Bar No. 2659658
One Allen Center, Penthouse
500 Dallas, Suite 3440
Houston, Texas 77002
(713) 659-2600
(713) 659-2601 (fax)

-AND-

STURM LAW, PLLC
Charles A. Sturm
Federal Bar No. 21777
723 Main St, Suite 330
Houston, Texas 77002
(713) 955-1800
(713) 955-1078

## CERTIFICATE OF SERVICE

I certify that on September 9, 2016, a true and correct copy of the foregoing instrument was forwarded to the following counsel of record via electronic filing system and electronic mail.

Lionel M. Schooler
JACKSON WALKER L.L.P.
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4156 [Facsimile]
lschooler@jw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

*/s/ Howard L. Steele, Jr.*
Howard L. Steele, Jr.